UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**TCYK, LLC,**

    Plaintiff,

v.                                               Case No:   2:13-cv-643-FtM-38DNF

**DOE 24,**

    Defendant.

## ORDER

This cause is before the Court on TCYK, LLC's Motion for Leave to Serve Non-Party Subpoena Prior to Rule 26(f) Conference (Doc. 6) filed on October 2, 2013.  The Plaintiff is the owner of United States Copyright Registration Number Pau 3-660-935 for the motion picture entitled "The Company You Keep."  The Plaintiff filed this action for copyright infringement. The Plaintiff is suing the Defendant for using the internet and the "BitTorrent protocol" to commit copyright infringement.  The Plaintiff does not know the identity of the Defendant, but can identify him by his Internet Protocol ("IP") address which was assigned to the Defendant by their Internet Service Providers ("ISP").  The Plaintiff is requesting leave to serve limited discovery on the non-party ISP solely to determine the true identity of Doe Defendant #24. The Plaintiff anticipates serving a subpoena on the ISP requesting the identifying information for the Defendant.

Pursuant to Local Rule 3.05(c)(2)(B), normally discovery is not permitted prior to the case management meeting.  M.D. Fla. L.R. 3.05(c)(2)(B).  Further, F<small>ED</small>. R. C<small>IV</small>. P. 26(d) provides that "[a] party may not seek discovery from any source before the parties have

conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

In the instant case, a Rule 26 conference cannot take place until the identity of the Defendant is known and the Defendant has been served.  The Plaintiff has shown that it has attempted to identify the Defendant and is not able to identify him based upon the information known to it.  The Plaintiff has shown good cause to conduct limited discovery prior to a Rule 26 conference.  The Court will allow the Plaintiff to conduct limited discovery by serving a subpoena on the ISP to determine the name, address, telephone number, e-mail address and Media Access Control address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Complaint (Doc. 1) or any other service provider that is later identified in response to this initial subpoena.

**IT IS HEREBY ORDERED:**

1) Motion for Leave to Serve Non-Party Subpoenas Prior to Rule 26(f) Conference (Doc. 6) is **GRANTED**.

2) The Plaintiff is permitted limited discovery to serve a subpoena to determine the name, address, telephone number, e-mail address and Media Access Control Address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A of the Complaint (Doc. 1) or any other service provider that is later identified in response to these initial subpoena.

3) The Plaintiff shall attach a copy of this Order with the subpoena, and if the ISP qualifies as a "cable operator" as defined in 47 U.S.C. §522(5), then this Order shall be considered an appropriate court order under 47 U.S.C. §551.

4) Any ISP that receives a subpoena pursuant to this Order shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, however, an ISP may elect to charge a reasonable amount for the costs of production.

5) Any ISP that receives a subpoena shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6) Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

7) The applicable ISP shall withhold the identifying information of any Defendant who has filed a motion to quash the subpoena until the motion is resolved and the Court enters an order authorizing the disclosure.

**DONE** and **ORDERED** in Fort Myers, Florida on October 22, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties